**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NASIF GADELKARIM,

      Petitioner - Appellant,

v.

ROBERT D. HANNIGAN;
ATTORNEY GENERAL OF
KANSAS,

      Respondents - Appellees.

No. 02-3132
D.C. No. 99-CV-3120-DES
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

---

Petitioner-Appellant Nasif Gadelkarim, a state inmate appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order denying relief on his petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. Because Mr. Gadelkarim has failed to make "a substantial

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

Mr. Gadelkarim was convicted by a jury in Kansas state court of indecent liberties with a child and was sentenced to 5 to 20 years of imprisonment. While out on bond prior to sentencing, Mr. Gadelkarim murdered the mother of the child with whom he had taken indecent liberties. He was eventually convicted by a jury in Kansas state court of the murder, and was sentenced to life in prison, to run consecutively to his sentence for indecent liberties. Mr. Gadelkarim filed direct appeals of both of his convictions, but each was affirmed. After exhausting his direct appeals, Mr. Gadelkarim filed two state post-conviction appeals as to the indecent liberties conviction and one state post-conviction appeal as to the murder conviction. Each post-conviction appeal was denied.

Mr. Gadelkarim then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting the following four grounds for relief from his murder conviction: (1) denial of his Sixth Amendment right to self-representation; (2) denial of due process for failure to appoint a translator to assist in his defense; (3) abuse of discretion for dismissing his state post-conviction appeal without an evidentiary hearing and appointment of counsel; and (4) the state appellate courts erroneously ruled that evidence of his prior conviction for indecent liberties was admissible at the murder trial. As a ground for relief from the indecent liberties

conviction, Mr. Gadelkarim also asserts that the Kansas courts erred in failing to rule that he was improperly charged and convicted of indecent liberties as opposed to the more specific crime of aggravated incest. He contends that a common law marriage existed between him and the murder victim whose son was sexually abused, thereby making the more specific crime applicable.

After detailed consideration of Mr. Gadelkarim's arguments, the district court denied his petition. The court concluded that grounds one and two (the self-representation and due process claims) were procedurally barred because they were raised for the first time in state post-conviction proceedings and likewise concluded that Mr. Gadelkarim did not show cause and prejudice nor a fundamental miscarriage of justice sufficient to defeat the procedural bar on those grounds. Although the court concluded that Mr. Gadelkarim had failed to allege facts to indicate ineffective assistance either as a separate claim or as giving rise to cause and prejudice, the court also addressed the merits of grounds one and two and found them lacking. The court addressed all remaining claims on the merits and found that they were properly resolved by the state courts.

Mr. Gadelkarim is now before us seeking a COA, renewing each claim advanced before the district court. He also now alleges ineffective assistance of counsel both as a separate claim and as a source of cause and prejudice to defeat procedural bar on the first two grounds.

In order for this court to grant a COA, Mr. Gadelkarim must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has rejected Mr. Gadelkarim's constitutional claims on the merits, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected Mr. Gadelkarim's constitutional claims on procedural grounds without reaching the merits, he must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Regarding those claims presented to the Kansas state courts either on direct appeal or on post-conviction appeal which were denied, the district court could not properly issue a writ of habeas corpus unless it found that the state court adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). It is against these standards that the district court's denial of Mr. Gadelkarim's petition must be assessed.

Having carefully reviewed the district court's analysis of Mr. Gadelkarim's

claims on appeal and the relevant record, we conclude that he has failed to demonstrate that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Regarding grounds disposed of on the merits, Mr. Gadelkarim has likewise demonstrated no reason for us to conclude that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. In fact, we are persuaded that the reasoning of the district court is sound and we agree that the state courts' conclusions were not contrary to and did not involve an unreasonable application of clearly established federal law.

Although Mr. Gadelkarim now claims several instances of ineffective assistance of counsel, he fails to allege facts sufficient to support the unreasonable performance claims and consistently fails to satisfy his burden to demonstrate prejudice. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984); id. at 694 ("The *defendant* must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (emphasis added).

For substantially the reasons given by the district court, we conclude that none of Mr. Gadelkarim's claims suffice to make a substantial showing of a denial of a constitutional right, and accordingly we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge